# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PASHA & SINA, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:24-cv-00207** |
| **TRAVELERS PROPERTY CASUALTY** | § | |
| **COMPANY OF AMERICA and THE** | § | |
| **TRAVELERS INDEMNITY COMPANY** | § | |
| **OF CONNECTICUT** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Travelers Property Casualty Company of America and The Travelers Indemnity Company of Connecticut (collectively "Defendants") file their Notice of Removal of this action from the County Court at Law No. 2 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1.      On December 18, 2023, Plaintiff Pasha & Sina, Inc. ("Plaintiff") filed a lawsuit in the County Court at Law No. 2 of Dallas County, Texas, styled *Pasha & Sina, Inc. vs. Travelers Property Casualty Company of America*, where it was assigned Cause No. CC-23-08384-B (the "State Court Action").

2.      Defendant Travelers Property Casualty Company of America was served with a citation on December 29, 2023.

3.      On January 22, 2024, Plaintiff filed its First Amended Petition and Jury Demand naming The Travelers Indemnity Company of Connecticut as an additional defendant.[1] Counsel for defendant The Travelers Indemnity Company of Connecticut accepted service of the First Amended Petition on January 22, 2024.

4.      Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

5.      Defendants are, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the County Court at Law No. 2 of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

6.      In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the State Court Action. Defendants have also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

7.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

> **(a)      The amount in controversy exceeds the federal minimum jurisdictional requirements.**

8.      Plaintiff seeks "monetary relief over $1,000,000.00." *See* Ex. A-6 at ¶ 80.

---

[1] See Exhibit A pp. 41-60.

Accordingly, this Court has jurisdiction and removal is proper because Plaintiff's claims exceed $75,000, exclusive of interest and costs.

**(b)      Complete diversity between Plaintiff and Defendants exists.**

9.      Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

10.      Plaintiff is incorporated in the state of Texas with its principal place of business in Texas.  Accordingly, Plaintiff was at the time of the filing of this action, has been at all times since, and is still a citizen of Texas.

11.      Defendant Travelers Property Casualty Company of America is incorporated in the state of Connecticut with its principal place of business in Connecticut.  Accordingly, Travelers Property Casualty Company of America was at the time of the filing of this action, has been at all times since, and is still a citizen of Connecticut.

12.      Defendant The Travelers Indemnity Company of Connecticut is incorporated in the state of Connecticut with its principal place of business in Connecticut.  Accordingly, The Travelers Indemnity Company of Connecticut was at the time of the filing of this action, has been at all times since, and is still a citizen of Connecticut.

13.      Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendants are citizens of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendants Travelers Property Casualty Company of America and The Travelers Indemnity Company of Connecticut pray that the above-described action now pending in the County Court at Law No. 2 of Dallas County, Texas be removed to this Court.

Respectfully submitted,

/s/ Alissa Puckett
ALISSA PUCKETT
Texas Bar No. 24056886
WM. LANCE LEWIS
Texas Bar No. 12314560
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
apuckett@qslwm.com
llewis@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record via certified mail, return receipt requested, and electronic mailing in accordance with the Federal Rules of Civil Procedure, this 26th day of January 2024.

Evan Lane (Van) Shaw
David J. Welch
Jeremy B. (Beau) Powell
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net

/s/ Alissa Puckett
Alissa Puckett / Wm. Lance Lewis